## HEPP & AL. vs. DUCROS & AL.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This suit was instituted in the court below, to recover the price of certain slaves, in pursuance of a contract of sale, as set forth in the petition of the plaintiffs; who being dissatisfied with the judgment therein rendered, took the present appeal: since the filing of which, the defendants and appellees in their answer, complain also of errors in the judgment of the district court.

The questions in the case, raised by both parties, relate to the calculation of interest on the price promised for the slaves. According the stipulations of the act of sale, the purchasers had a right to prolong payment for the space

An agreement to pay ten per cent on the purchase money for three years, which *is* afterwards extended to the fourth year, does not entitle the creditor to interest at this rate, on further indulgence.
The buyer owes interest on the price of slaves from the time the debt becomes due.

of three years, by paying an interest of ten per cent per annum on the capital.

The evidence in the case shews that, using the privilege thus accorded to them, the payment was postponed, not only for three but four years, for which time interest was calculated and paid from two years to two years, purporting to be at the rate of ten per cent. per annum, on a capital of $38,000. The judge *a quo* seems to be of opinion that there was error in the estimate of interest as calculated, to the prejudice of the debtors; and in rendering judgment imputed the surplus to the payment of part of the principal.

This is complained of by the counsel of the appellees as erroneous; but we are of opinion that the judgment is thus far correct, after allowing to the creditor the most favorable mode of calculation which can be legally tolerated. The other error, alleged on the part of the appellants, is a departure from the true spirit and just interpretation of the contract, in not allowing interest at the rate of ten per cent from the period of the last payment up to the time of rendering judgment, instead of legal interest.

Ten per cent. per annum, on a capital sum

either loaned, or for which a debtor may be indulged in the payment, is allowed by express convention between the parties, which must be in writing. *Civ. Code.* 408, *art.* 32.

In the present case, the conventional inteterest, by the act of sale, is limited to three years; but the parties to that deed have, by a subsequent agreement as evidenced by the last note and receipt for the payment of interest, extended it one year more; and this is contended to be a good and substantial reason for the court to extend it still farther, to end only by the payment of the capital; because it appears to be the interpretation given to the contract by the parties themselves. The original agreement is explicit and needs no interpretation: it limits the conventional interest to three years, which was to be paid as a consideration for the forbearance on the part of the vendor to demand the price at the time it became due. This contract was reciprocal and valid up to that period; it then ceased, and left the capital debt precisely as it would have stood without that stipulation. The payment of ten per cent. for the fourth year was on a subsequent agreement, the force of which expired with that year.

The court below did not err in refusing to allow ten per cent after that period.

The only question remaining to be settled concerns the allowance of legal interest; whether it should be from the period at which the price of the slaves became finally due, or from the judicial demand?

On the subject of this species of interest, it is perhaps desirable, that it should be based on the forbearance of a creditor to enforce payment, & not on the qualities or properties of the things for which debts may be contracted. For as the law now stands, courts of justice are frequently forced into unprofitable enquiries, as to the capacity of different kinds of property to produce rent or revenue.

The debt claimed, now in the case under consideration, is the price of a number of slaves of both sexes, and various ages, and consequently calculated to produce profit to the holder by natural increase, as well as by manual labor. In the first place they may be assimilated to a herd or stock of cattle, one of the examples given in Pothier on the subject. *Cont. de Vente*, 283.

According to the provisions of our code, legal interest runs on the price of the thing sold

producing fruits or any other income. *Civ.*

Independent then of the possibility and probability of natural increase in a gang of slaves of different sexes, the hire of their labor, and consequent income to the holder, or profits derived from it when directed by the owner himself, would authorise a demand, on the part of the seller, of interest on the price after it becomes due.

We have been unable to discover any error in the judgment of the district court.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Hennen* for the plaintiffs. *De Armas* for the defendants.